UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TROY PHILLIPS, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>DAN MCBRIDE, and INDIANA )<br>ATTORNEY GENERAL, )<br>)<br>Respondents ) | No. 3:93cv0678 AS |

MEMORANDUM AND ORDER

On September 27, 1993, pro se petitioner, Troy Phillips, an inmate at the Westville Correctional Center, Westville, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on March 1, 1994, demonstrates the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

The petitioner brings this proceeding to challenge the result of a Conduct Adjustment Board (CAB) proceeding involving him at that institution. The proceeding was in WCC-93-08-0474. The examination of this record must be made under the mandates of Supt., Mass. Corr. Institution at Walpole v. Hill, 472 U.S. 445 (1985), and Wolff v. McDonnell, 418 U.S. 539 (1974). With no disrespect intended, the argument of this petitioner with reference to the quantum and quality of evidence envisioned by Justice O'Connor in Supt. is misplaced, to say the least.

It also needs to be mentioned that this court does not exercise its federal question jurisdiction in this case merely to require state officers to comply with state laws or regulations.

Estelle v. McGuire, ___ U.S. ___, 112 S.Ct. 475 (1991). Among the cases in this circuit that have put flesh on the Supt. bones is Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1992). See also Viens v. Daniels, 871 F.2d 1328 (7th Cir. 1989). An examination of the record before the CAB fails to disclose any constitutional deficiency. Bell v. Duckworth, 861 F.2d 169 (7th Cir. 1988), cert. den., 489 U.S. 1088 (1989). Therefore, there is no basis for relief under 28 U.S.C. § 2254. The petition is DENIED. IT IS SO ORDERED.

DATED: March 28, 1994

s/ Allen Sharp
---
CHIEF JUDGE
UNITED STATES DISTRICT COURT

2